REDMANN, Judge
(dissenting in part).
In my judgment both main demand and reconvention should be dismissed, because neither party proved negligence on the other’s part.
The two drivers tell conflicting stories. The only reconciliation I can suppose is by accepting Mrs. Wilkinson’s testimony she was returning from the laundry, but adding that she first slowed and turned to the right side of the narrow street (lined with cars on both sides) to enable her better to make her left turn into her driveway. By this supposition Mr. Byrd’s testimony that she was coming from the right curb becomes somewhat reconcilable. The fact he was engaged in road-testing his car for rear-end noises might suggest he was not previously paying sufficient attention and had not observed Mrs. Wilkinson until he found himself running into her, and with more a broadside than a glancing blow!
This attempt to accept both drivers’ testimony would suggest that each was negligent. Perhaps this was the trial judge’s view of the evidence, since he stated his opinion that “the accident would not have happened had it not been for the negligence of both parties.”
In the absence of a reconciliation, a choice between conflicting testimony would have to be made and there is nothing in the record to convince me that one driver’s version rather than the other’s ought to be accepted.
The only disinterested testimony is that of the investigating police officer. He stated that the gouge marks and skids in the street show the impact was to the left of the center of the street. Thus this is plainly not the typical case of the parked car just starting out as the other came abreast of it (as Byrd testified) ; in such a case, impact would be very near the right parking “lane”. The contemporaneous sketch made by the officer as part of his report also shows the position of the cars after the accident. The Wilkinson car still forms about a 60 to 75 degree angle with the curb again making it plain this was not a typical case. (Suggestion: if Mrs. Wilkinson started up from a parked position, Byrd must have travelled several car lengths at 20 miles per hour while she travelled one, beginning at 0 miles per hour. Or if she were driving ahead of Byrd, he could never have passed her on the narrow street with cars parked on both sides, and whether or not she turned her car, Byrd would have run into her.)
In my opinion, neither party showed the other’s negligence by a preponderance of the evidence, and each’s demand should be dismissed.
The majority’s argument (1) assumes Mrs. Wilkinson could not have made the turn safely, having no basis except that a collision did occur and that the other car *679 left only 10 feet of skid before impact; (2) assumes Mr. Byrd was keeping a proper lookout and applied his brakes immediately but could not stop in 10 feet. The result of these assumptions, respectively, is (1) Mrs. Wilkinson was negligent and (2) Mr. Byrd was not.
This harmful reasoning might equally well have gone the other way: since there were only 10 feet of skid, Byrd obviously didn’t apply his brakes soon enough, must not have been maintaining proper lookout, etc. In fact, of course, there being only 10 feet of skid tells us only that the brakes were forcefully applied 10 feet before impact, but does not tell us why. There simply are not enough data to support a logical inference, to justify making one of these drivers pay the other’s damages.
Rehearing denied.
REDMANN, J., is of the opinion the rehearing should be granted.